UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| GORDON BLAKE JOHNPIER, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 1:23-CV-00289-JRG-CHS |
| BEDFORD COUNTY JAIL, CRYSTAL FULLER, RONNIE PRINCE, AUSTIN SWING, and CHARLES RICKETT, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a prisoner in the custody of the Tennessee Department of Correction ("TDOC") currently housed in the Bedford County Justice Complex, filed an amended complaint[1] under 42 U.S.C. § 1983 [Doc. 6] and motion for leave to proceed without prepayment of fees [Doc. 1]. For the reasons set forth below, the Court will grant Plaintiff's motion, permit certain claims to proceed against Defendant Crystal Fuller, and dismiss the remaining claims and Defendants.

I.  **MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES**

It appears from Plaintiff's motion [Doc. 1] and associated documents [Doc. 7] that he lacks the financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 1] will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Suite 309, Chattanooga, Tennessee 37402 twenty percent (20%) of Plaintiff's preceding

---

[1] Plaintiff's amended complaint is the operative pleading in this cause. *See In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013) ("An amended complaint supersedes an earlier complaint for all purposes.") (citation omitted).

monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk will also be **DIRECTED** to furnish a copy of this Memorandum and Order to the Court's financial deputy. This Memorandum and Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.    SCREENING OF COMPLAINT

### A.    Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim under 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "[s]ection 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

### B. Plaintiff's Allegations

Correctional Officer ("CO") Rickett was passing out razors on November 4, 2023, when Plaintiff and another inmate, Dustin Hopper, asked him when they would receive their commissary [Doc. 6 at 5]. CO Rickett "was obviously a[]gitated due to numerous requests[s] for the commissary" and stated, "If y[']all ask about commissary again[,] [I am] gonna [sic] take [you] to South OPs and f**k [you] in the a**" [*Id.*]. The next day, CO Rickett called Plaintiff out of B-pod and apologized for his comment [*Id.*]. Inmate Hopper's grandmother was made aware of the comment and called Sheriff Austin Swing "to report the sexual abuse" [*Id.*]. "It was reported that the issue was taken care of[,]" but CO Rickett was back working the same pod on November 23, 2023 [*Id.*]. Thus, Sheriff Swing and Jail administrator Ronnie Prince "knew or should have known" of CO Rickett's behavior, yet they failed to properly implement Prison Rape Elimination Act ("PREA") and Tennessee Corrections Institute ("TCI") regulations [*Id.*]. And because CO Rickett "singl[ed] Plaintiff out and remo[ved] him from his assigned pod alone[,]" Plaintiff has received physical injury from other inmates [*Id.*].

3

Additionally, Crystal Fuller, who works in food services at the Bedford County Jail, "has refused to provide accommodation[s] for Plaintiff to practice his religious beliefs" [*Id*. at 5]. Specifically, she has denied him a kosher diet [*Id*. at 6]. Plaintiff, presumably a Jew, is required to eat meat and unleavened bread during Passover, eat meals that have not been heated during Sabbath, and is required to eat kosher foods [*Id*.]. "The vegetarian diet does not meet any of these religious requirements" [*Id*. at 6].

Aggrieved, Plaintiff filed the instant action against Defendants in their individual and official capacities seeking declaratory relief, injunctive relief, and monetary damages [*Id*. at 5].

### C. Analysis

#### 1. "Sexual Abuse" Claim

Plaintiff's claim that CO Rickett threatened him with sexually charged language does not give rise to a constitutional claim, as such conduct is not "punishment" in the constitutional sense. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *Faulkner v. Davidson Cnty. Sheriff's Off.*, No. 3:14-MC-00740, 2014 WL 3723205, at *2 (M.D. Tenn. July 24, 2014) ("Allegations of threats and verbal abuse do not state cognizable claims under § 1983." (citing *Williams v. Gobies,* 211 F.3d 1271, 2000 WL 571936, at *1 (6th Cir. May 1, 2000))). This conclusion is not altered by Plaintiff's claim that CO Rickett allegedly threatened to use physical force, as the mere threat of force is not tantamount to a use of force. *See, e.g.*, *Mattingly v. Barnes*, No. 3:14-CV-591-J-32JBT, 2018 WL 1496929, at *14 (M.D. Fla. Mar. 27, 2018), *aff'd sub nom. Mattingly v. Duval Cnty. Jail*, 777 F. App'x 971 (11th Cir. 2019) (noting "Plaintiff's allegation that Defendant Khan threatened to 'taze' him" failed to state a claim, as "verbal threats and harassment are generally not actionable under § 1983"); *Bourne v. Awomolo*, No. 1:16-CV-957, 2016 WL 4771240, at *3–4 (W.D. Mich. Sept. 14, 2016) (holding "circuit courts consistently have held that

4

sexual harassment, absent contact or touching, does not satisfy the objective requirement because such conduct does not constitute the unnecessary and wanton infliction of pain").

Neither does Plaintiff's claim become actionable because Sheriff Swing and/or Jail Administrator Prince allegedly failed to implement PREA and TCI regulations, as the violation of state statutes or regulations fails to give rise to a constitutional claim. *Stanley v. Vining*, 602 F. 3d 767, 769 (6th Cir. 2010) (stating that "[i]t has long been established that violation of a state statute or regulation is insufficient alone to make a claim cognizable under § 1983"). And there is no constitutional basis for a private cause of action for non-compliance with PREA. *See Gennoe v. Washburn*, No. 3:19-cv-00478, 2019 WL 5693929, at *5-6 (M.D. Tenn. Nov. 4, 2019) (collecting cases).

Finally, although Plaintiff claims that he received physical injury from other inmates because of CO Rickett's actions, he has not bolstered this allegation with any facts. That is, he has not provided the Court with any facts from which the Court could infer that CO Rickett violated Plaintiff's constitutional rights by pulling Plaintiff out of his cell to apologize to him. Therefore, this conclusory allegation fails to give rise to a plausible constitutional claim. *See, e.g.*, *Iqbal*, 556 U.S. at 678.

In sum, Plaintiff's allegations that he was sexually abused by CO Rickett's comments fails to state a constitutional claim upon which § 1983 may be granted as to CO Rickett, Sheriff Austin Swing, and Jail Administrator Ronnie Prince. These Defendants will be **DISMISSED**.

2. **Kosher Diet Claim**

Plaintiff claims that Crystal Fuller "is refusing to allow Plaintiff's right to free exercise [of] his religious beliefs by not allowing him [a] kosher diet[,]" and that she "has violated [the] Equal Protection Clause by refusing to provide accommodation[s] for Plaintiff to practice his religious beliefs" [Doc. 6 at 5, 6]. He also contends that "all [D]efendants refuse to put Plaintiff on his

5

religious diet" [Doc. 6 at 6]. The Court finds these allegations implicate the First Amendment's Free Exercise Clause, the Fourteenth Amendment's Equal Protection Clause, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

But to state a claim against "all [D]efendants" in their respective individual capacities, Plaintiff must adequately plead that each Defendant, through his or her own actions, has violated the Constitution. *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). This requirement exists because constitutional liability cannot attach to a Defendant solely based on his or her position of authority. *See Iqbal*, 556 U.S. at 676 ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (finding that liability under § 1983 may not be imposed merely because a defendant "employs a tortfeasor"). Here, Plaintiff has not alleged any facts that would allow the Court to plausibly infer that Defendants Ronnie Prince, Austin Swing, or CO Rickett were involved in the decision to deny Plaintiff a religious diet, and these Defendants will be **DISMISSED**.

Plaintiff has also named the Bedford County Jail as a Defendant. But a jail is a building, not an entity subject to suit under § 1983. *Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-CV-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983." (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994))). And Plaintiff does not attribute any wrongdoing to a custom or policy of Bedford County, such that the County itself could be liable under § 1983. *See Monell*, 436 U.S. at 708 (1978) (Powell, J., concurring)

6

(explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs"). Therefore, Plaintiff's Complaint fails to state a claim as to the Bedford County Jail, and the Court will not liberally construe the Complaint against Bedford County. Therefore, Bedford County Jail will be **DISMISSED**.

This leaves Plaintiff's claim that Defendant Crystal Fuller has denied him a religious diet in violation of RLUIPA and the First and Fourteenth Amendments. "The Free Exercise Clause of the First Amendment, applicable to the States under the Fourteenth Amendment, provides that 'Congress shall make no law. . . prohibiting the free exercise' of religion.'" *Fulton v. City of Philadelphia, Penn.*, 593 U.S. \_\_\_, 141 S. Ct. 1868, 1876 (2021). To establish a free exercise violation, Plaintiff must establish that (1) the belief or practice asserted is religious within his own "scheme of things," (2) his belief is sincerely held, and (3) Defendant's behavior infringes upon this practice or belief. *Kent v. Johnson*, 821 F.2d 1220, 1224–25 (6th Cir. 1987) (internal citations and citation omitted). RLUIPA "applies to prisons that receive federal funds and prohibits state and local governments from placing 'a substantial burden' on the 'religious exercise' of any inmate unless they establish that the burden furthers a 'compelling governmental interest' and does so in the 'least restrictive' way." *Haight v. Thompson*, 763 F.3d 554, 559 (6th Cir. 2014) (quoting 42 U.S.C. § 2000cc-1(a)). Liberally construing Plaintiff's amended complaint, the Court finds he has stated plausible free-exercise and RLUIPA claims against Defendant Crystal Fuller, and these claims will **PROCEED**.

Plaintiff does not, however, allege any facts that would suggest an equal protection violation. "To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that

7

such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'" *Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quoting *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich.*, 470 F.3d 286, 299 (6th Cir. 2006)). Plaintiff's amended complaint does not provide a factual basis for his claim that he is treated differently from other similarly situated prisoners, and "conclusory allegations of unconstitutional conduct" are insufficient to state an equal protection claim. *See Mosley v. Batts*, No. 19-5355, 2019 WL 8399882, at *2 (6th Cir. Nov. 19, 2019) (quoting *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986)). Accordingly, this claim will be **DISMISSED**.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed without prepayment of fees [Doc. 1] is **GRANTED**;

2. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

3. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

4. Plaintiff's free exercise and RLUIPA claims will **PROCEED** against Defendant Crystal Fuller;

5. The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Crystal Fuller;

6. Plaintiff is **ORDERED** to complete the service packet and it to the Clerk's Office within twenty-one (21) days of entry of this Order;

7. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service, *see* Fed. R. Civ. P. 4;

8. Plaintiff is **NOTIFIED** that if he fails to timely return the completed service packet, this action will be dismissed;

9. Defendant shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If Defendant fails to timely respond to the complaint, it may result in entry of judgment by default against her;

10. All other claims and Defendants are hereby **DISMISSED**; and

11. Plaintiff is **ORDERED** to immediately inform the Court and Defendant or her counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

So ordered.

ENTER:

                                        s/J. RONNIE GREER
                                UNITED STATES DISTRICT JUDGE