UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| GORDON BLAKE JOHNPIER, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:23-CV-00289-JRG-CHS |
| CRYSTAL FULLER, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's "Motion to Dismiss" this pro se prisoner's civil rights action for Plaintiff's failure to cooperate in discovery and prosecute his case [Doc. 29]. Plaintiff has failed to respond to the motion, and the deadline to do so has passed. *See* E.D. Tenn. L.R. 7.1. Consistent with the Court's Local Rules, the Court finds Plaintiff has waived opposition to the sought relief. *See* E.D. Tenn. L.R. 7.2.

**I.     PROCEDURAL HISTORY**

On June 10, 2024, Defendant submitted discovery to Plaintiff [*See* Doc. 28]. After Plaintiff failed to respond, Defendant sent Plaintiff a certified letter requesting he provide responses by August 21, 2014 [*Id.*]. When Plaintiff did not respond, Defendant moved to compel Plaintiff's discovery responses [*Id.*]. On September 23, 2024, the Court issued an Order granting Defendant's motion, ordering Plaintiff to respond to the propounded discovery within twenty-one (21) days, and advising Plaintiff that failure to comply would result in the dismissal of his lawsuit [*Id.*]. Plaintiff failed to comply with that Order [Doc. 29-1 ¶ 4]. The instant motion followed [Doc. 29].

## II. DISCUSSION

Rule 37(b) and Rule 41(b) of the Federal Rules of Civil Procedure each provide that dismissal is an appropriate sanction for failure to comply with a Court order. *See* Fed. R. Civ. P. 37(b)(2)(A)(v) and Fed. R. Civ. P. 41(b). Under either provision, the Court considers four factors when considering dismissal:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Hartsfield v. United Parcel Serv., Inc.*, No. 4:18-cv-69, 2020 WL 1539337, at *2 (E.D. Tenn. Mar. 2, 2020) (quoting *Mager v. Wisconsin Central Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019)).

Plaintiff has willfully failed to comply with the discovery process or this Court's Orders, which has prejudiced Defendant, who has spent significant time and resources attempting to conduct discovery. And this Court explicitly warned Plaintiff that it could dismiss this case if he failed to comply with the Order granting Defendant's motion to compel discovery responses [Doc. 28 at 2]. Moreover, alternative sanctions are not appropriate, as Plaintiff was proceeding pro se and has disregarded the Court's warnings and orders. Therefore, dismissal of this action is warranted.

## III. CONCLUSION

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of this action. Accordingly, Defendants' motion [Doc. 29] is **GRANTED**, and this action will be **DISMISSED WITH PREJUDICE**. The Court **CERTIFIES** that any appeal from this order would not be taken in good faith. *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
